UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID LO, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:17-CV-00401 (JCH) |
| | : | |
| v. | : | |
| | : | |
| AT&T SERVICES, INC., | : | JANUARY 29, 2018 |
|    Defendants. | : | |

**RULING RE: MOTION TO DISMISS (DOC. NO. 13)**

**I.    INTRODUCTION**

The plaintiff, David Lo, filed the Complaint against the defendant, AT&T Services, Inc. ("AT&T"), on March 9, 2017.  See Complaint ("Compl.") (Doc. No. 1).  Lo asserts the following four claims: breach of settlement agreement (Count One), breach of the implied covenant of good faith and fair dealing (Count Two), promissory estoppel (Count Three), and negligent misrepresentation (Count Four).  See id.  On June 23, 2017, AT&T filed a Motion to Dismiss Counts Three and Four of the Complaint.  See Motion to Dismiss ("Mot. to Dismiss") (Doc. No. 13).  In reviewing the Motion, the court questioned whether it had jurisdiction and ordered Lo to file an additional pleading advising the court of its basis for subject matter jurisdiction.  See Order ("First Order") (Doc. No. 27).

The court does not reach the merits of AT&T's Motion to Dismiss.  Instead, the court concludes that it does not have subject matter jurisdiction over the causes of action asserted here.  Lo's claims are more properly brought before the Connecticut state court, and this court therefore dismisses the case.

**II.    BACKGROUND**

On March 9, 2017, Lo filed a Complaint against AT&T, alleging the following facts.  See Compl.  Lo was previously an employee of AT&T.  See id. at ¶ 7.  On

1

October 31, 2012, he filed various claims against AT&T with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). See id. at ¶ 8. On January 7, 2014, Lo and counsel for AT&T participated in mandatory mediation with the CHRO and entered into an agreement resolving Lo's CHRO claims. See id. at ¶¶ 9, 10. Lo signed an agreement accepting AT&T's standard retirement package, which he terms Lump Sum Offer 2. See id. at ¶ 13.

Lo alleges that he and counsel for AT&T also agreed to additional terms that would be set forth in writing in an additional agreement. See id. at ¶ 14. One of those additional terms was that Lo would receive an additional sum of $37,500.00. See id. He alleges that, in reliance on AT&T's representations in addition to the signed Lump Sum Offer 2, he resigned from AT&T and withdrew his CHRO complaint. See id. After continued negotiations in the following months, a Final Settlement Agreement including the additional terms was drafted, but AT&T refused to sign the Final Settlement Agreement. See id. at ¶ 29. In his Complaint, Lo claims the following four state law causes of action: breach of settlement agreement (Count One), breach of the implied covenant of good faith and fair dealing (Count Two), promissory estoppel (Count Three), and negligent misrepresentation (Count Four). See id. at ¶¶ 31–76.

On June 23, 2017, AT&T filed a Motion to Dismiss Counts Three and Four. See Mot. to Dismiss. AT&T argues that Lo executed a General Release and Waiver as part of the Lump Sum Offer 2, which releases the claims asserted in Counts Three and Four. See Memorandum in Support of Motion to Dismiss (Doc. No. 14). AT&T also argues that the claims of promissory estoppel and negligent misrepresentation cannot be based on the promise of future negotiations. See id.

After reviewing the Complaint and the Motion to Dismiss, the court was unable to determine from the pleadings whether the court had subject matter jurisdiction over Lo's claims. The Complaint asserted that the court had diversity jurisdiction pursuant to section 1332 of title 28 of the United States Code. See Compl. at ¶ 2 ("The jurisdiction of this court is founded upon 28 U.S.C. § 1332, in that the Plaintiff and Defendant reside in different states and the amount in controversy exceeds $75,000.00."). However, besides this general statement, the Complaint did not plead any facts indicating that the final amount in controversy exceeded $75,000. See First Order at 1. Rather, Lo alleged that the Final Settlement Agreement initially contemplated a sum of $37,500, which was increased after further negotiations, but does not plead that he suffered any other damages. See Compl. at ¶¶ 14, 17. Additionally, the Complaint alleged that AT&T was headquartered in Texas, but did not indicate where it was incorporated. See id. at ¶ 5; 28 U.S.C. § 1332(c)(1) (deeming a corporation to be a citizen of each state in which it is incorporated and of the state where it has its principal place of business). The court issued an Order requiring Lo to file a pleading addressing these issues. See First Order.

In response to the court's First Order, Lo filed a Pleading re: Subject Matter Jurisdiction on November 28, 2017. See Pleading re: Subject Matter Jurisdiction ("Pleading re: SMJ") (Doc. No. 29). In it, Lo states that he is claiming an amount of $37,500 for the breach of the settlement agreement, and "separate damages for his negligent misrepresentation claim and breach of the implied covenant of good faith and fair dealing claim, exceeding the $75,000.00 threshold." Id. at 2. According to Lo, the remedy for these claims, which he argues amounts to "the actual pecuniary loss

sustained by the plaintiff," is independent of the remedy for his breach of contract claim. See id. at 1–2. He further alleges that AT&T has store locations in Connecticut, but does not have its principal place of business in Connecticut. See id. at 2. He attached an exhibit indicating that AT&T is incorporated in Delaware. See id., Ex. A, at 1.

Because Lo's Pleading did not sufficiently resolve the issues raised in the court's First Order, the court issued another Order on December 5, 2017. See Order ("Second Order") (Doc. No. 30). In it, the court ordered Lo to state, inter alia, the "basis on which Lo asserts that the 'actual pecuniary loss' from his claims for negligent misrepresentation and breach of the implied covenant of good faith and fair dealing would reasonably be expected to exceed $37,500 in order to satisfy the total amount in controversy of more than $75,000.00." Id. at 1.

In response to the court's Second Order, Lo filed an Amended Complaint on December 15, 2017. See Amended Complaint ("First Am. Compl.") (Doc. No. 31). The Amended Complaint was identical to the initial Complaint except for the following. Lo clarified that AT&T was incorporated in Delaware with its primary place of business in Texas. See id. at ¶ 5. Lo also alleged that he suffered damages in the amount of $37,500 for AT&T's breach of the settlement agreement under Count One and damages "in an amount of, at least, of [sic] $37,500" for AT&T's negligent misrepresentation under Count Four. See id. at ¶¶ 51, 76. Lo did not specify a basis for the $37,500 in damages for negligent misrepresentation. Regarding Counts Two and Three, the Amended Complaint merely asserts respectively that Lo was "damaged" and "damaged in an amount to be determined at trial," without indicating any basis for the alleged damage. See id. at ¶¶ 59, 65.

4

The court issued another Order on December 19, 2017, again ordering Lo to identify "any actual pecuniary loss caused by the negligent misrepresentation that would not result in double recovery for the same injury" as the damages for the alleged breach of contract. See Order ("Third Order") (Doc. No. 32) at 2. In response, Lo filed a Second Amended Complaint on January 12, 2018. See Second Amended Complaint ("Second Am. Compl.") (Doc. No. 41). The Second Amended Complaint differs from the Amended Complaint only in that it states the following regarding the damages alleged for negligent misrepresentation: "The Plaintiff suffered pecuniary loss as a result of his reliance on the Defendant's negligent misrepresentation, which pecuniary loss includes the loss of $37,500.00." Id. at ¶ 76.

## III. LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Even where the parties have not raised the issue, the court has "an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte." Jennifer Matthew Nursing & Rehab. Ctr. v. U.S. Dep't of Health & Human Servs., 607 F.3d 951, 955 (2d Cir. 2010) (quoting Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006)). The Second Circuit clarified that "[w]here jurisdiction is lacking, . . . dismissal is mandatory." Lovejoy v. Watson, 475 Fed. App'x 792, 792 (2d Cir. 2012) (quoting United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994)).

In general, a federal district court may exercise subject matter jurisdiction over an action only if there is either federal question jurisdiction under section 1331 of title 28 of the United States Code, or diversity jurisdiction under section 1332 of the same title. See 28 U.S.C. § 1331 (2016); 28 U.S.C. § 1332 (2016). In this case, Lo alleges

diversity jurisdiction under section 1332.  See Second Am. Compl. at ¶ 2.  In order for diversity jurisdiction to exist, the plaintiff's citizenship must be diverse from that of the defendant, and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

## IV. DISCUSSION

Diversity jurisdiction under section 1332 first requires that no plaintiff is a citizen of the same state as any defendant.  See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.").  Lo's Second Amended Complaint pleads facts sufficient to satisfy this requirement.  Lo alleges that he resides in Connecticut.  See Second Am. Compl. at ¶ 4.  Although he does not use the language of citizenship or domicile, the court considers this allegation sufficient to sustain the inference that he is a citizen of Connecticut.  See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("[T]o be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State.").  Lo also alleges that AT&T is incorporated in Delaware with its principal place of business in Texas.  See Second Am. Compl. at ¶ 5; see also 28 U.S.C. § 1332(c)(1) (stating that a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").  Thus, Lo's state of citizenship (Connecticut) is diverse from AT&T's (Delaware and Texas).

Diversity jurisdiction also requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. § 1332(a).  "A party invoking the jurisdiction of the federal court has the burden of proving that it

appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003) (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)). The Second Circuit, however, recognizes "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." Id. (quoting Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999)).

To overcome this rebuttable presumption, the court must find "'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold." Id. (quoting Wolde-Meskel, 166 F.3d at 63). The court recognizes that this is a "high bar" because "[t]he legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." Id. (quoting Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Trust Co. of Chicago, 93 F.3d 1064, 1070–71 (2d Cir. 1996)). On the other hand, the Second Circuit has also indicated that a merely conclusory allegation that the amount exceeds $75,000 is not sufficient. See Wood v. Maguire Auto., LLC, 508 Fed. App'x 65, 65–66 (2d Cir. 2013) ("Wood's allegation in her complaint of $75,000 in controversy is conclusory and not entitled to a presumption of truth.").

In this case, Lo has not sufficiently alleged a reasonable probability that he can recover on his claims in an amount exceeding $75,000. First, Lo's boilerplate statement that the amount in controversy exceeds $75,000 is not entitled to the rebuttable presumption that this is a good faith representation of the actual amount in controversy. See Second Am. Compl. at ¶ 2 ("The jurisdiction of this court is founded upon 28 U.S.C.

7

§ 1332, in that the Plaintiff and Defendant reside in different states and the amount in controversy exceeds $75,000.00."); Wood, 508 Fed. App'x at 65–66. District courts in this Circuit have rejected similar boilerplate statements as insufficient to meet the plausibility standard required for jurisdiction. See Maitland v. Lunn, No. 14-CV-5938 (JS) (AKT), 2017 WL 1088122, at *5 (E.D.N.Y. Mar. 21, 2017); Mallgren v. Microsoft Corp., 975 F. Supp. 2d 451, 456 (S.D.N.Y. 2013).

Looking then to the facts and damages actually alleged in the Second Amended Complaint, the court identifies $37,500 in damages, as the amount that Lo would have received if the Final Settlement Agreement had been signed and executed by AT&T. See Second Am. Compl. at ¶ 14. He refers to this amount of damages in both his claims under Count One and Count Four. See id. at ¶¶ 51, 76. The Second Amended Complaint alleges no other bases for damages besides this loss of payment from the unexecuted Final Settlement Agreement. Lo does allege that he "has been damaged" by AT&T's breach of the implied covenant of good faith and fair dealing in Count Two and that he "has been damaged in an amount to be determined at trial" on his claim for promissory estoppel in Count Three. See id. at ¶¶ 59, 65. However, the bare allegation that he has been damaged, without any alleged injury or basis for the damages, is too speculative to be considered part of the amount in controversy. See Montanez v. D & D Auto, LLC, No. 3:15-CV-397 (VAB), 2016 WL 1254199, at *6 (D. Conn. Mar. 29, 2016); Riddles v. Sallie Mae, No. 08-CV-1499(NG), 2009 WL 3734302, at *3 (E.D.N.Y. Nov. 4, 2009). This is especially true given the court's Orders directing him to identify a basis for the alleged damages. See Lapaglia v. Transamerica Cas. Ins. Co., 155 F. Supp. 3d 153, 157 (D. Conn. 2016)

To the extent that Lo has suffered damages other than the loss of $37,500 from the unexecuted Final Settlement Agreement, the court has now afforded him three chances to allege them. See First Order; Second Order; Third Order; see also Ijemba v. Litchman, 127 Fed. App'x 5, 7 (2d Cir. 2005) (requiring the district court to provide the plaintiff an opportunity to replead the diversity requirements with greater specificity when the pleadings are unclear). Despite these opportunities, Lo has alleged no facts supporting the existence of any additional damages. Instead, his most recent Second Amended Complaint makes clear that the alleged damages under Count Four are the same as those alleged under Count One. See Second Am. Compl. at ¶ 76 ("The Plaintiff suffered pecuniary loss as a result of his reliance on the Defendant's negligent misrepresentation, which pecuniary loss includes the loss of $37,500.00.").

To the extent that Lo seeks to recover twice for the same loss of $37,500, the law does not permit him to do so. The court recognizes that "[d]ifferent state claims brought by a single plaintiff may be aggregated for purposes of satisfying the amount-in-controversy requirement." Colavito v. New York Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006). However, a plaintiff cannot recover twice for the same injury, even under two different theories of liability. See, e.g., Phelan v. Local 305 of United Ass'n of Journeymen, & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada, 973 F.2d 1050, 1063 (2d Cir. 1992) ("A plaintiff cannot recover twice for the same injury."); Wing Kwong Ho v. Target Const. of NY, Corp., No. 08-CV-4750 KAM RER, 2011 WL 1131510, at *15 (E.D.N.Y. Mar. 28, 2011); United States v. Zan Mach. Co., 803 F. Supp. 620, 623 (E.D.N.Y. 1992).

In response, Lo argues that the damages for his negligent misrepresentation claim are separate from the damages for his breach of contract claim. See Pleading re: SMJ at 2. He asserts that the appropriate damages for negligent misrepresentation are the actual pecuniary loss, which in this case is the same $37,500. See id. Therefore, he concludes that he can recover twice for that injury, once under Count One and once under Count Five, for a total "exceeding the $75,000.00 threshold." See id. In support of this argument, he cites one case from a Connecticut superior court. See id. at 1 (citing Kesses v. Panache, 19 Conn. L. Rptr. 636, at *3 (Conn. Super. Ct. June 18, 1997)). He relies on the following quote from that case:

> The section of the Restatement Second of Torts quoted above suggests that the damages available for negligent misrepresentation are pecuniary losses. The court has not been able to locate any decision of the Connecticut Supreme Court concerning the scope of the damages available as to the tort. The closest that Court has come to considering the issue is its statement in Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 579 (1995) that the remedy for negligent misrepresentation is independent of a remedy available on a contract claim.

Kesses, 19 Conn. L. Rptr. 636, at *3.

In Kesses, the plaintiff sued a beauty salon for the negligent misrepresentation of its employee regarding the nature and permanency of a "cosmetic procedure involving tattooing of color on the lips." Id. at *1. The court found the defendant liable for negligent misrepresentation. See id. at *2. The defendant had already paid "all economic losses identified by the plaintiff, that is, the bills of the doctor who performed the procedure to remove the tattoo from her lip." Id. at *3. Relying on the above quote, the court concluded that the plaintiff was entitled to recovery of an additional $2,000 for noneconomic losses for bodily harm, including pain from the corrective treatment and

10

temporary disfiguration. See id. Unlike Lo's case, Kesses did not involve double recovery for the same injury, but rather recovery for additional losses not covered by the prior payment. As noted above, Lo has not identified any such additional losses not covered by the $37,500 already claimed.

Nor does the case cited by Kesses support Lo's argument. In Williams Ford, Inc. v. Hartford Courant Co., the Connecticut Supreme Court did state that "a remedy on the contract is independent of a remedy for negligent misrepresentation." Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 579 (1995). However, it did so in the context of allowing the plaintiff to pursue both claims, not in the context of permitting double recovery for the same injury. The defendant in Williams Ford attempted to argue that the plaintiffs' claim concerned purely economic losses that were caused by the contract relationship, so the plaintiff was limited to pursuing a contract claim and barred from pursuing a claim for negligent misrepresentation. See id. The court, however, held that the remedies were independent, so the plaintiffs were "not barred from pursuing a negligence claim solely because they also might have had a breach of contract claim." Id. Again, the case did not involve double recovery for the same injury, as the plaintiffs had not brought or claimed damages under the hypothetical contract claim. See id. at 561. Thus, neither of these cases supports Lo's contention that he can recover twice for the same loss of $37,500. He has not presented the court with authority justifying departure from the "hornbook law that a plaintiff cannot recover twice for the same injury." See Zan Mach., 803 F. Supp. at 623.

Additionally, the court notes that, even if Lo could recover twice for his single loss of $37,500, as he claims, he would still fail to satisfy the amount in controversy required

for diversity jurisdiction. Even if double recovery were permitted, Lo would only have alleged an amount in controversy of $75,000. Section 1332(a) requires an amount in controversy that "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). Therefore, it is not sufficient for the amount to merely equal $75,000. See Athan v. Hartford Fire Ins. Co., 73 F.2d 66, 67 (2d Cir. 1934); Brashich & Finley v. Palmquist, No. 84-Civ-5819 (JFK), 1984 WL 1059, at *1 (S.D.N.Y. Oct. 23, 1984).

For both of these reasons, the court concludes to a legal certainty that the amount Lo could recover for his claims does not exceed $75,000. Therefore, Lo has not met the amount-in-controversy requirement, and the court does not have subject matter jurisdiction over his claims. Accordingly, the Second Amended Complaint is dismissed.

## V. CONCLUSION

For the above reasons, the Second Amended Complaint is **DISMISSED** for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). The court does not reach the merits of Lo's claims, and this Ruling is without prejudice to his filing of a complaint in state court that would not be subject to the amount-in-controversy requirement that applies for diversity actions that are filed in a federal court.

**SO ORDERED**.

Dated at New Haven, Connecticut this 29th day of January, 2018.

/s/ Janet C. Hall  
Janet C. Hall  
United States District Judge